1  MONICA M. QUINN, Bar No. 198332
   mquinn@littler.com
2  JENNIFER TSAO, Bar No. 259985
   jtsao@littler.com
3  LITTLER MENDELSON, P.C.
   633 West 5th Street
4  63rd Floor
   Los Angeles, CA  90071
5  Telephone:  213.443.4300
   Facsimile:  213.443.4299
6
   Attorneys for Defendant
7  LENDER PROCESSING SERVICES, INC.

FILED
CLERK, U.S. DISTRICT COURT

DEC 1 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8
9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11  ROBERT OTTEN, an individual       Case No. CV13-9172 JFW (VBKx)
    California resident,
12                                    NOTICE TO FEDERAL COURT OF
                 Plaintiff,           REMOVAL OF CIVIL ACTION
13                                    FROM STATE COURT
    v.
14                                    [28 U.S.C. §§ 1332(a)(1), 1441, 1446]

    LENDER PROCESSING SERVICES,       (DIVERSITY)
15  INC., a Delaware corporation; and
    DOES 1-50, inclusive,             Complaint filed in Los Angeles County
16                                    Superior Court: October 17, 2013
                 Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:124275585.1 074399.1011

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND**
2  **HIS ATTORNEYS OF RECORD:**

3  PLEASE TAKE NOTICE that Defendant Lender Processing Services, Inc.
4  ("LPS") hereby removes to the United States District Court for the Central District of
5  California the above-captioned action brought by Plaintiff Robert Otten ("Plaintiff")
6  in the Superior Court of the State of California, County of Los Angeles, Case No.
7  BC524845 for the reasons and on the grounds stated below:

8  **I.**

9  **STATEMENT OF JURISDICTION**

10  1.    This action is a civil action over which this Court has original jurisdiction
11  based on complete diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and
12  is one which may be removed to this Court by LPS, a Delaware corporation, pursuant
13  to 28 U.S.C. section 1441 because it is a civil action between citizens of different
14  states and the amount in controversy exceeds $75,000, exclusive of interest and costs,
15  as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1446(b).

16  **II.**

17  **VENUE**

18  2.    The action was filed in the Superior Court of California for the County of
19  Los Angeles.  Accordingly, venue properly lies in the United States District Court for
20  the Central District of California pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1446.

21  **III.**

22  **STATUS OF PLEADINGS, PROCESS AND ORDERS**

23  3.    On October 17, 2013, an action was commenced in the Superior Court of
24  the State of California, County of Los Angeles (the "Superior Court"), entitled
25  *ROBERT OTTEN, an individual California resident, Plaintiff v. LENDER*
26  *PROCESSING SERVICES, INC., a Delaware corporation; and DOES 1-50, inclusive,*
27  *Defendants,* designated as Case No. BC524845 (the "State Court Action").  A true and
28  correct copy of the Complaint in the State Court Action is attached hereto

Firmwide:124275585.1 074399.1011

1   as **Exhibit A**.

2       4.       On or about November 13, 2013, Plaintiff served the Complaint upon

3   LPS's agent for service of process, CT Corporation.  In addition to the Complaint, a

4   Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of

5   Case Assignment, Notice of Case Management Conference, and Alternative Dispute

6   Resolution packet were also served upon LPS.   True and correct copies of the

7   documents served upon LPS are attached as follows:

8                a. **Exhibit A** – Complaint

9                b. **Exhibit B** – Summons, Civil Case Cover Sheet and Civil Case

10                   Cover Sheet Addendum

11                c. **Exhibit C** – Notice of Case Assignment, Notice of Case

12                   Management Conference, Alternative Dispute Resolution packet

13      5.       On December 11, 2013, LPS filed its Answer to the Complaint in the

14   State Court Action.  A true and correct copy of LPS's Answer is attached hereto as

15   **Exhibit D**.

16      6.       The documents attached hereto as Exhibits A through D (as explained

17   above) constitute all process, pleadings, or orders related to this case that have been

18   served upon LPS in the State Court Action.  The attachments thereby satisfy the

19   requirements of 28 U.S.C. section 1446(a).

20                              **IV.**

21                     **TIMELINESS OF REMOVAL**

22      7.       This Notice of Removal is timely.  Under 28 U.S.C. section 1446(b) the

23   notice of removal of a civil action must be filed within thirty (30) days after service of

24   process.  28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

25   526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the

26   summons and complaint).  LPS was served with a copy of Plaintiff's Summons and

27   Complaint on November 13, 2013.  A true and correct copy of Plaintiff's Proof of

28   Service of Summons and Complaint is attached hereto as **Exhibit E**.  As such, this

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:124275585.1 074399.1011

2.

1  Notice of Removal is timely since it was filed within thirty days of service of process.

2                                      **V.**

3              **REMOVAL BASED ON DIVERSITY OF CITIZENSHIP**

4       8.     This Court has original jurisdiction over this civil suit pursuant to

5  diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332(a)(1). In defining diversity

6  of citizenship jurisdiction, Section 1332(a) provides:

7            The district court shall have original jurisdiction of all civil
           actions where the matter in controversy exceeds the sum or
8            value of $75,000, exclusive of interest and costs, and is
           between – (1) Citizens of different states . . . .
9

10  28 U.S.C. § 1332(a).

11      **A.     Plaintiff is a Citizen of California.**

12      9.     Citizenship of a natural person is established by domicile. 28 U.S.C. §

13  1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). A

14  person's domicile is established by physical presence and an intent to remain

15  indefinitely. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *Kanter v. Warner-*

16  *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Furthermore, allegations of

17  residency in a state court complaint can create a rebuttable presumption of domicile

18  supporting diversity of citizenship. *Lew*, 797 F.2d at 751.

19      10.    Plaintiff is a citizen of the State of California, and was so when he filed

20  the State Court Action. *See* Exh. A, Compl., at ¶ 3 ("At all relevant times mentioned

21  herein, Plaintiff was an individual residing within the County of Los Angeles, State of

22  California."). In fact, Plaintiff expressly characterizes himself in the caption of his

23  Complaint as a "California resident." *See* Exh. A ("*ROBERT OTTEN, an individual*

24  *California resident*.").

25      11.    Furthermore, Plaintiff has established his citizenship in California

26  through his longtime physical presence and lack of intention to leave. Plaintiff resided

27  in California throughout his employment with LPS's subsidiary LPS Management

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:124275585.1 074399.1011

3.

1   LLC[1], which spanned from October 27, 2004 to May 1, 2013.  *See* Declaration of

2   Annie Manvelyan in Support of Defendant Lender Processing Services, Inc.'s Notice

3   of Removal to Federal Court ("Manvelyan Decl."), at ¶¶ 3, 4.  Throughout that time,

4   Plaintiff worked at LPS Management LLC's location in Pasadena, California and did

5   not indicate any intent to leave California.  *Id.* at ¶¶ 3, 4.  Accordingly, Plaintiff is a

6   citizen of the state of California for purposes of diversity jurisdiction analysis.

7           **B.    LPS is Not a Citizen of California.**

8           12.    For diversity purposes, a corporation "shall be deemed a citizen of any

9   State by which it has been incorporated and of the State where it has its principal place

10  of business."   28 U.S.C. § 1332(c)(1).   The United States Supreme Court has

11  confirmed that to determine a corporation's principal place of business, a court must

12  apply the "nerve center" test.  *See Hertz v. Friend*, 175 L. Ed. 2d 1029 (2010).   In

13  relevant part, the Court explained, as follows:

14              We conclude that 'principal place of business' is best read as
                referring to the place where a corporation's officers direct,
15              control, and coordinate the corporation's activities. It is the
                place that Courts of Appeals have called the corporation's
16              'nerve center.' And in practice it should normally be the
                place where the corporation maintains its headquarters --
17              provided that the headquarters is the actual center of
                direction, control, and coordination, i.e., the 'nerve center,'
18              and not simply an office where the corporation holds its
                board meetings (for example, attended by directors and
19              officers who have traveled there for the occasion).

20  *Id.* at 1041-42.

21          13.    Here, LPS is presently, and was at the time of the commencement of this

22  suit, a citizen of the state of Delaware as provided in 28 U.S.C. § 1332(c) because it

23  was and is a corporation duly organized and validly existing under and pursuant to the

24  laws of the state of Delaware.   *See* Haley Decl., at ¶ 3; *see also* Compl. caption

25  _____

26  [1] LPS Management, LLC, which was Plaintiff's employer, is also a corporation duly
    organized and validly existing under and pursuant to the laws of the state of Delaware
27  with its principal place of business is in Jacksonville, Florida. *See* Declaration of
    Colleen Haley in Support of Defendant Lender Processing Services, Inc.'s Notice of
28  Removal to Federal Court ("Haley Decl."), at ¶ 5.

1   ("*Lender Processing Services, Inc., a Delaware corporation*").[2]

2       14.   Moreover, LPS's principal place of business is in Jacksonville, Florida.

3   LPS's corporate headquarters are located in Jacksonville, Florida and its executive

4   officers direct, control and coordinate the corporation's activities and executive

5   functions from its corporate headquarters in Jacksonville, Florida. *See* Haley Decl., at

6   ¶¶ 3, 4; *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation

7   is citizen of state in which its corporate headquarters are located and where its

8   executive and administrative functions are performed). Its LPS has no employees in

9   California. *See* Haley Decl., at ¶ 4. Therefore, Jacksonville, Florida is LPS's

10   principal place of business under the "nerve center" test.

11      **C.**   **Complete Diversity Exists As No Other Parties Have Been Identified.**

12       15.   There are no other identified defendants. Defendants "Does 1 through

13   50" are wholly fictitious. The Complaint does not set forth the identity or status of

14   any fictitious defendants, nor does it set forth any charging allegation against any

15   fictitious defendants. Thus, pursuant to Section 1441(a), the citizenship of defendants

16   sued under fictitious names must be disregarded for purposes of determining diversity

17   jurisdiction and cannot destroy the diversity of citizenship between the parties in this

18   action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

19       16.   Accordingly, after disregarding the non-served Doe defendants, and

20   given that Plaintiff is citizen of California and LPS is a citizen of Delaware and

21   Florida, complete diversity of citizenship exists in this case.

22                                 **VI.**

23         **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

24       17.   The Complaint asserts the following six causes of action: (1)

25   Discrimination on the Basis of Age (Fair Employment and Housing Act ("FEHA"),

26

27   _____

[2] Plaintiff also alleges, in contradiction to his Complaint's caption, that LPS is a
California corporation (*see* Compl., at ¶ 4); however, Plaintiff is mistaken. *See* Haley

28   Decl., at ¶¶ 3, 4.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:124275585.1 074399.1011

5.

Cal. Gov't Code § 12940); (2) Wrongful Termination in Violation of Public Policy; (3) Failure to Pay Overtime Compensation in Violation of Cal. Labor Code §§ 1198, 1194; (4) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Cal. Labor Code § 226) (5) Failure to Timely Pay Wages Due to Termination (Cal. Labor Code §§ 201, 202, 203); and (6) Unlawful Business Practices (Cal. Bus. & Prof. Code § 17200).

18.    For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). LPS need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). By demonstrating that the actual amount in controversy exceeds the $75,000 threshold, LPS does not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

A.    **Plaintiff Seeks Well Over $75,000 in Economic Damages**.

19.    **Back Pay and Front Pay:** Plaintiff seeks recovery of back pay and front pay in connection with his first and second claims for age discrimination in violation of FEHA and wrongful termination in violation of public policy. *See* Compl., ¶¶ 34, 40 ("Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earning and future earning capacity…and other pecuniary loss not presently ascertained."). At the time of his separation from employment, Plaintiff earned $60,517.62 per year, or approximately $29.10 per hour (assuming 2080 work hours). *See* Manvelyan Decl., at ¶ 3.

a.    Assuming, *arguendo*, Plaintiff were to recover back pay from the time of his employment separation, which Plaintiff alleges occurred on or about May 1, 2013 (*see* Compl., at ¶¶ 25, 33), until the time he filed the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:124275585.1 074399.1011

Complaint, on or about October 17, 2013, Plaintiff would be entitled to approximately $27,936 in back pay (24 week duration x 40 hours per week x $29.10 per hour) before even considering Plaintiff's overtime allegations.

b. Assuming, *arguendo*, Plaintiff were to recover front pay, he may awarded several years of pay.  Front pay awards in California frequently span a number of years.  *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (four years).  Even conservatively estimating that Plaintiff seeks front pay benefits for only the next two years, the amount of future wages in controversy in this case would total at least an additional $121,035 (assuming 2 years x $60,517.62 per year annual salary), not including overtime.

Thus, it may reasonably be estimated that Plaintiff's claims involving back pay and front pay alone place the amount in controversy well in excess of **$148,971**.

20.   **Overtime Wages:**  In addition, Plaintiff seeks restitution of overtime wages for his alleged misclassification as an exempt employee through his third and sixth claims for violation of Labor Code sections 1194 and 1198, and violation of Business & Professions Code section 17200.  *See* Compl., at ¶¶ 50, 63, 65.  Plaintiff alleges that he was a "non-exempt" full time employee that "regularly worked in excess of 60 hours per week for Defendants."  *See id.* at ¶¶ 14, 47.  As Plaintiff is allegedly owed 20 hours of overtime per week and since Plaintiff seeks to recover for claims four years prior to the filing of the Complaint, the amount of overtime at issue is approximately 4,160 hours (20 unpaid overtime hours per week x 52 weeks x 4 years).  Thus, the monetary amount at issue of alleged unpaid overtime, without penalties or interest, is approximately **$181,584** (4,160 overtime hours x 1.5 overtime rate x $29.10 hourly rate).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:124275585.1 074399.1011

7.

21.   **Labor Code § 226 Penalties:**   Further, Plaintiff seeks "all available statutory penalties, costs and reasonable attorneys' fees" under his fourth claim for violation of Labor Code section 226 for Defendant's purported failure to provide accurate wage statements. *See* Compl., at ¶ 54. Violations of Labor Code section 226 provide for penalties up to $4,000 per employee. *See* CAL. LAB CODE § 226(e). Accordingly, Plaintiff places **$4,000** in controversy with his fourth claim.

22.   **Labor Code § 203 Waiting Time Penalties:**   Plaintiff also seeks to recover waiting time penalties for a willful failure to pay wages due at the conclusion of the employment relationship under his fifth claim for violation of Labor Code section 203. The maximum penalty authorized under Section 203 is 30 days of wages per employee. *See* CAL. LAB CODE § 203. Thus, before including any overtime, the sum of potential Section 203 penalties is at least $6,984 (8 hours per day x $29.10 hourly rate x 30 days). If overtime wages are considered based on Plaintiff's allegation that he "regularly" worked 60 hours per week, the Section 203 penalties may be as high as **$12,222** ($6,984 + [4 hours overtime per day x 1.5 overtime rate x $29.10 hourly rate x 30 days]).

### B.   <u>Plaintiff Additionally Seeks Emotional Distress Damages, Punitive Damages and Attorneys' Fees</u>.

23.   With respect to his first and second claims for age discrimination under the FEHA and wrongful termination in violation of public policy, Plaintiff additionally seeks non-economic damages for "emotional and mental distress" (Compl., at ¶¶ 35, 41), "punitive damages" (¶¶ 36, 42, & Prayer, at ¶ 2) and "attorneys' fees" (Compl., at ¶¶ 34, 40). In addition, Plaintiff seeks attorneys' fees for his third and fourth claims under the Labor Code. Compl., at ¶¶ 50, 54 & Prayer, at ¶ 9.

24.   Plaintiff's requested items of relief further establish that the amount in controversy exceeds $75,000. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006) (Emotional distress damages and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:124275585.1 074399.1011

8.

1   attorneys' fees may be considered in calculating the amount in controversy; moreover,

2   the plaintiff's emotional distress damages would add "***at least an additional $25,000***

3   ***to her claim***" even though the plaintiff only had $55,000 in lost wages) (emphasis

4   added); see e.g., *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994)

5   (concluding in a discrimination and wrongful termination case that the purpose of

6   punitive damages is to capture the defendant's attention and to deter others from

7   similar conduct and, thus, the plaintiff's claim for ***punitive damages could alone***

8   ***exceed the jurisdictional minimum***); see *Brady v. Mercedes-Benz USA, Inc.*, 243 F.

9   Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of

10   ***reasonable attorneys' fees*** likely to be recovered by a plaintiff if she were to prevail

11   in determining whether amount in controversy exceeds $75,000).

12       25.    After compiling damages for lost wages (**$330,555**), penalties (**$16,222**),

13   emotional distress (at least **$25,000**), punitive damages, and an award for Plaintiff's

14   reasonable attorneys' fees, it is more likely than not that Plaintiff could potentially

15   recover in excess of $75,000.   Accordingly, Defendant has carried its burden of

16   demonstrating by a preponderance of the evidence that the amount in controversy in

17   this matter exceeds the jurisdictional minimum.

18   ///

19

20   ///

21

22   ///

23

24   ///

25

26   ///

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:124275585.1 074399.1011

9.

1

## VII.

## NOTICE TO COURT AND PARTIES

26.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles.

Dated:   December 12, 2013             LITTLER MENDELSON, P.C.

MONICA M. QUINN
JENNIFER TSAO
Attorneys for Defendant
LENDER PROCESSING SERVICES,
INC.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:124275585.1 074399.1011

10.

Exhibit "A"

1  ANDREW L. ALEXIS (SBN 177692)
   pkinaga@kinagalawfirm.com
2  WILLIAM O. KAMPF (SBN 217854)
   wkampf@kinagalawfirm.com
3  KINAGA LAW FIRM
   617 South Olive Street, Suite 1210
4  Los Angeles, CA 90014
   Tel: (213) 623-8588
5  FAX: (213) 623-8788

6  Attorneys for Plaintiff
   ROBERT OTTEN
7

**ORIGINAL FILED**

OCT 1 7 2013

**LOS ANGELES
SUPERIOR COURT**

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES - CENTRAL

10

11  ROBERT OTTEN, an individual          )  Case No.:  BC 5 2 4 8  BY FAX
    California resident,                 )
12                                       )  **COMPLAINT FOR:**
                   Plaintiff,            )
13                                       )  **(1)  DISCRIMINATION ON THE BASIS**
          v.                             )       **OF AGE (CAL. GOV'T CODE §**
14                                       )       **12940);**
    LENDER PROCESSING SERVICES, INC., a  )  **(2)  WRONGFUL TERMINATION IN**
15  Delaware corporation; and DOES 1-50, inclusive, )  **VIOLATION OF PUBLIC POLICY;**
                                         )  **(3)  FAILURE TO PAY OVERTIME**
16                 Defendants.           )       **COMPENSATION IN VIOLATION**
                                         )       **OF CAL. LABOR CODE §§ 1198,**
17                                       )       **1194;**
                                         )  **(4)  KNOWING AND INTENTIONAL**
18                                       )       **FAILURE TO COMPLY WITH**
                                         )       **ITEMIZED EMPLOYEE WAGE**
19                                       )       **STATEMENT PROVISIONS**
                                         )       **(LABOR CODE § 226);**
20                                       )  **(5)  FAILURE TO TIMELY PAY WAGES**
                                         )       **DUE AT TERMINATION (LABOR**
21                                       )       **CODE §§ 201, 202, 203); AND**
                                         )  **(6)  UNLAWFUL BUSINESS PRACTICES**
22                                       )       **(BUSINESS & PROFESSIONS CODE**
                                         )       **§ 17200)**
23                                       )
                                         )  **DEMAND FOR TRIAL BY JURY**
24  _____  )

25

26       Plaintiff Robert Otten ("Plaintiff"), for his complaint against defendants Lender Processing

27  Services, Inc. and Does 1 through 50 inclusive (collectively, as "Defendants"), and each of them,

28  alleges as follows:

-1-
**COMPLAINT FOR DAMAGES**

## JURISDICTION AND VENUE

1.     The Court has personal jurisdiction over the Defendants because they are residents of and/or are doing business in the State of California.

2.     Venue is proper in this County in accordance with Section 395(a) of the California Code of Civil Procedure because the Defendants, or some of them, reside in this County, and the injuries alleged herein occurred in this County. In the alternative, venue is appropriate in this County in accordance with Section 395(a) and Section 395.5 of the California Code of Civil Procedure because Defendants and Plaintiff contracted to perform their obligations in this County, the contract was entered into in this County, and because the liability, obligation and breach occurred within this County. Venue is further appropriate in this county in accordance with Section 12965(b) of the California Government Code because the unlawful practices alleged by Plaintiff in violation of the California Fair Employment and Housing Act [Cal. Gov't Code §§ 12940, et seq.] were committed in this County.

## THE PARTIES

3.     At all relevant times mentioned herein, Plaintiff was an individual residing within the County of Los Angeles, State of California.

4.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Lender Processing Services, Inc. is, and at all relevant times herein was, a California corporation, which regularly and systematically does business in the County of Los Angeles, California.

5.     Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1-50, inclusive ("Doe Defendants"), and therefore sues these Doe Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said Doe Defendants when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, each of the fictitiously-named Doe Defendants conducted business in Los Angeles County, California, and are culpable or responsible in some manner and/or conspired with one or more of the other Defendants for the conduct, acts, omissions, occurrences, injuries, and damages herein alleged, and that Plaintiff's injuries and damages were directly and proximately caused thereby.

6.      Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each defendant was the agent, servant, employee, alter ego and/or associate of each of the other defendants, and was at all times acting within the course and scope of such relationship.

7.      Whenever appearing in this complaint, each and every reference to "Defendant LPS" is intended to be, and shall be deemed, a reference to Lender Processing Services, Inc. and Does 1-10.

8.      Whenever appearing in this complaint, each and every reference to "Defendants" is intended to be, and shall be deemed, a reference to all Defendants in this action, and each of them, named and unnamed, including all fictitiously named defendants.

<u>GENERAL ALLEGATIONS</u>

9.      Defendant LPS is a provider of mortgage and consumer loan processing services, mortgage settlement services, default solutions and loan performance analytics, as well as solutions for the real estate industry, capital markets investors and government offices.  Defendant LPS maintains several offices in Southern California.

10.     Plaintiff is a 53 year-old individual.

11.     In or about September 2004, Plaintiff commenced working for Defendant LPS as a Bulk Data Fulfillment Operator.  Plaintiff's job duties included running pre-programmed computer jobs to format data in Defendant LPS's database in order to send it out to Defendant LPS's bulk data customers.

12.     By early 2005, Plaintiff was able to organize his job duties to the point that he was finishing his days' work by noon.  Accordingly, Defendant LPS assigned Plaintiff additional job duties such as converting entire data files.  In or about early 2006, Plaintiff began writing programs to extract recorded documents and images from county websites.  These programs were known as "Images Harvesters."

13.     By mid-2007, Plaintiff spent nearly all of his working time writing and maintaining the Images Harvesters programs.

14.     At all relevant times, Plaintiff regularly worked more than eight hours per work day, and more than forty hours per work week for Defendant LPS and Doe Defendants.  In fact, Plaintiff regularly worked in excess of 60 hours per week for Defendants.

15.     Defendant LPS and Doe Defendants failed to pay Plaintiff one and one-half (1 1/2) times his regular rate of pay for the hours Plaintiff worked in excess of forty hours per work week, as required under California law including, but not limited to, Wage Order 4, CCR § 11040 and California Labor Code §§ 1194, 1198.

16.     Defendant LPS and Doe Defendants, additionally, failed to pay Plaintiff one and one-half (1 1/2) times his regular rate of pay for the hours Plaintiff worked in excess of eight (8) hours per workday, and two (2) times his regular rate of pay for the hours Plaintiff worked in excess of twelve (12) hours per workday as required under California law including, but not limited to Wage Order 4, CCR § 11040 and California Labor Code §§ 1194, 1198.

17.     Beginning in 2011, Plaintiff repeatedly informed his supervisor at the time, John McCabe ("McCabe"), that Plaintiff felt that he was under employed and that he should have the title of Programmer.  McCable agreed with Plaintiff.

18.     On or about May 10, 2011, Plaintiff learned that the Images Harvesters programs that he had developed were being sent to outside programmers so they could try to write harvester programs for the company.  Specifically, while on a telephone conference call with McCabe, Webster Royston ("Royston") (McCabe's supervisor), and a vendor of Defendant LPS, Plaintiff was asked extensively about the Images Harvesters programs.  At one point, the conversation focused on the Key Generator portion of the program.  Plaintiff wrote the Key Generator at home so that it would make is work with Defendant LPS easier.  Thus, Plaintiff believed that he owned this portion of the program.  During the telephone conference, Plaintiff was directly asked whether he owned Key Generator.  Plaintiff responded that he owned all of the programs.

19.     Following the May 10, 2011 telephone conference, Royston informed Plaintiff that he would refer the matter of the ownership of the programs to corporate counsel.

20.     On or about May 26, 2011, a project manager for Defendant LPS's vendor was at Defendant LPS's office to meet with Plaintiff and to go over the process of writing harvester programs.  During the time that the vendor was at Defendant LPS's office, Royston asked Plaintiff to give Defendant LPS's vendor a copy of the source code for the Key Generator.  Plaintiff responded, "Let's get the legal issues surrounding the ownership of the programs resolved first and then we can

-4-

1 | discuss the further release of more source code." Royston stated: "So, you are saying no." Plaintiff
2 | responded: "Yes, I am saying no." Plaintiff also informed Royston that Plaintiff believed the
3 | ownership of the intellectual property rights belonged to Plaintiff and that he was thinking about
4 | filing a complaint for theft of intellectual property.

5 |      21.    Later on May 26, 2011, in direct retaliation for Plaintiff exercising what he believed to
6 | be his ownership of the intellectual property rights to the Key Generator program, Plaintiff was given
7 | a written warning for purported insubordination.

8 |      22.    On or about September 1, 2011, Plaintiff was informed that corporate counsel finally
9 | made a decision regarding Plaintiff's concerns regarding ownership of the programs. Plaintiff was
10 | informed that Defendant LPS believed that the Key Generator program was owned by Defendant
11 | LPS.

12 |      23.    Throughout the remainder of his employment with Defendant LPS, Plaintiff disputed
13 | Defendant LPS's contention that it owned the rights to the Key Generator program. Indeed, Plaintiff
14 | continued to voice his opinion to Defendant LPS's management and maintained that he owned the
15 | copyright.

16 |      24.    By early 2013, Plaintiff and four other individuals worked under McCabe in Pasadena,
17 | California. In April 2013, McCabe was transferred to Defendant LPS's office in Irvine, California.
18 | Additionally, two operators and one programmer under McCabe (all in their 20's or early 30's) were
19 | transferred to Irvine, California. Plaintiff and one other individual (also in her 50's) remained in
20 | Pasadena.

21 |      25.    On May 1, 2013, Plaintiff and the other remaining individual were informed that their
22 | employment was terminated effective immediately. Specifically, they were both told that their
23 | positions had been eliminated due to a reduction-in-force.

24 |      26.    Unlike the three individuals in their 20's and early 30's, Plaintiff and the other
25 | employee were not given the option to transfer to any other location. Plaintiff was shocked that the
26 | three others had been selected to keep their positions with Defendant LPS, especially considering
27 | Plaintiff's vast experience and programming knowledge.

28 |

27.    Plaintiff is informed and believes, and based thereon alleges, that members of Defendants' management (including, but not limited to Royston) had negatively responded to Plaintiff's complaints about his ownership rights to the Key Generator program and decided to terminate his employment.  Moreover, under the pretext of a layoff, Defendants decided to eliminate Plaintiff due to his age while retaining the services of significantly younger employees who did not have the same experience and knowledge as Plaintiff.  Thus, Defendants made the decision to terminate Plaintiff's employment because he had complained about his intellectual property rights and due to his age.

28.    Plaintiff filed complaints against Defendants based on the aforementioned facts with the California Department of Fair Employment and Housing ("DFEH") on September 30, 2013.  On September 30, 2013, the DFEH issued Plaintiff a Right to Sue Letter against Defendants.

## FIRST CAUSE OF ACTION

### Age Discrimination in Violation of Government Code § 12940

### (Against All Defendants)

29.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28, inclusive, hereinabove, as though set forth in full.

30.    Defendants regularly and systematically do business in the State of California and are subject to suit under the California Fair Employment and Housing Act, Government Code Sections 12900 et seq. ("FEHA"), in that Defendants, and each of them, regularly employ five or more persons.

31.    Pursuant to California Government Code Section 12940(a), Defendants, and each of them, owed Plaintiff the duty not to terminate his employment because of his age and not to discriminate against him in the terms and conditions of his employment.

32.     As fully alleged above, Defendants favorably treated younger, less experienced, and less senior individuals in that they transferred them to new positions while terminating Plaintiff and another individual in her mid-50s.

33.     Defendants' discriminatory actions against Plaintiff, as alleged above, including his termination of employment on May 1, 2013, constituted unlawful discrimination in employment on account of his age, in violation of California Government Code Section 12940(a).

34.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

35.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

36.     Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

37.     As a result of Defendants' acts and conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## SECOND CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

38.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37, inclusive, hereinabove, as though set forth in full.

-7-

39.     The termination of Plaintiff's employment by Defendants, and each of them, violated the fundamental public policies of the State of California, which, among other things, (a) mandate that employees be free from age discrimination; and (b) prohibit employees from being terminated for exercising their rights under state and federal copyright laws.  These fundamental public policies are embodied in; Sections 12940, et seq. of the California Government Code; Title 17 of the United States Code; and various other statutes, codes, and regulations.

40.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

41.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Plaintiff.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

42.     Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

43.     As a result of Defendants conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 1021.5 of the California Civil Procedure Code.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Compensation**

**(Against All Defendants)**

44.      Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive hereinabove, as though set forth in full.

45.      By the aforesaid acts and omissions of Defendant LPS and Doe Defendants, and each of them, Plaintiff was deprived of the wages (and other benefits) to which he was entitled pursuant to the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders and other wage and hour laws.

46.      Throughout Plaintiff's employment, in violation of Labor Code Sections 200 *et seq.* and other wage and hour laws, Defendant LPS and Doe Defendants failed and refused to pay Plaintiff the wages due and payable to him, including overtime pay.

47.      Plaintiff was a "non-exempt" full time employee.  Pursuant to California Labor Code § 510 and the relevant Industrial Welfare Commission Orders and California Code of Regulations, Defendant LPS and Doe Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and 2 times the regular rate of pay for hours worked in excess of twelve (12) hours per day or in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

48.      During his employment, Plaintiff was required to work, and did work, more than eight (8) hours per day and more than forty (40) hours per week.  However, in violation of the California Labor Code and the applicable Industrial Welfare Commission Orders, Defendant LPS and Doe Defendants failed to pay Plaintiff overtime.

49.      Defendant LPS and Doe Defendants failed and refused to pay Plaintiff the overtime compensation required by California Labor Code § 510 and 1194, and IWC Wage Order 4-2001.

50.      As a proximate result of Defendant LPS and Doe Defendants' wrongful conduct, Plaintiff has been deprived of his rightfully earned overtime compensation.  Therefore, Plaintiff is

1  entitled to recover the unpaid balance of wages owed, penalties, plus interest and reasonable

2  attorneys' fees and costs.

3  ## FOURTH CAUSE OF ACTION

4  ### Failure to Furnish Wage and Hour Statement

5  ### (Against All Defendants)

6      51.    Plaintiff realleges and incorporates herein by reference each and every allegation

7  contained in paragraphs 1 through 27 and 44 through 50, inclusive hereinabove, as though set forth in

8  full.

9      52.    Labor Code § 226(a) requires every employer to provide an itemized statement in

10  writing with each paycheck to non-exempt employees showing the employees:  (1) gross wages

11  earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece rate

12  if the employee is paid on a piece rate basis, (4) all the deductions, provided that all deductions made

13  on written orders of employee may be aggregated and shown as one item, (5) net wages earned, (6)

14  the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the

15  last four digits of his or her social security number or the employee's identification number other than

16  a social security number may be shown on the itemized statement, (8) the name and address of the

17  legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and

18  the corresponding number of hours worked at each hourly rate by the employee.

19      53.    At all times during Plaintiff's employment, Defendant LPS and Doe Defendants failed

20  to provide Plaintiff with timely and accurate wage and hour statements showing gross wages earned,

21  totaled hours worked, all deductions made, net wages earned and all applicable hourly rates in effect

22  during each pay period and the corresponding number of hours worked at each hourly rate.

23      54.    As alleged herein, Plaintiff has not been exempt from minimum wage and overtime

24  law as enumerated in the IWC Wage Orders and California Labor Code.  As a consequence of

25  Defendant LPS and Doe Defendants' actions, Plaintiff is entitled to all available statutory penalties,

26  costs and reasonable attorneys' fees, including those provided in California Labor § 226(e), as well as

27  all other available remedies.

28

-10-

COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### For Waiting Time Penalties

### (Against All Defendants)

55. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27 and 44 through 54, inclusive hereinabove, as though set forth in full.

56. Defendants, and each of them, willfully failed to pay accrued wages and other compensation due immediately to Plaintiff at the time of his termination, including monies owed for overtime compensation as required by California Labor Code § 201.

57. As a consequence of Defendants' actions, Plaintiff is entitled to all available statutory penalties, including those provided in California Labor Code § 203, as well as all other available remedies.

58. As alleged herein, Plaintiff has not been exempt from minimum wage and overtime law as enumerated in the IWC Wage Orders and California Labor Code.

## SIXTH CAUSE OF ACTION

### Unlawful Business Practices

### (Against All Defendants)

59. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27 and 44 through 58, inclusive hereinabove, as though set forth in full.

60. Defendant LPS and Doe Defendants' failure to pay earned wages and provide proper records under the California Labor Code and IWC Wage Orders, constitute unlawful activity prohibited by Business and Professions Code section 17200.

61. The actions of Defendant LPS and Doe Defendants in failing to pay Plaintiff in a lawful manner constitute false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code sections 17200, et seq.

62. Plaintiff is entitled to injunctive relief against such unlawful practices in order to prevent further damage, for which there is no adequate remedy at law.

63.     As a result of its unlawful acts, Defendant LPS and Doe Defendants have reaped unfair benefits at the expense of Plaintiff.  Defendant should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff with the wrongfully withheld wages, pursuant to Business and Professions Code section 17200 et seq.  Plaintiff is informed and believes, and thereon alleges, that Defendant LPS and Doe Defendants have been unjustly enriched through its failure to pay earned wages, its failure to pay wages in a timely manner, and its failure to comply with lawful payroll practices.

64.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the general public are prejudiced by Defendant LPS and Doe Defendants' unfair trade practices.

65.     As a direct and proximate result of the unfair business practices of Defendant LPS and Doe Defendants, Plaintiff is entitled to equitable and injunctive relief, including full restitution, disgorgement, and/or specific performance of payment of all wages that have been unlawfully withheld from Plaintiff as a result of the business acts and practices described herein and enjoining Defendant LPS and Doe Defendants to cease and desist from engaging in the practices described herein.

66.     The illegal conduct alleged herein is continuing and there is no indication that Defendant will not continue such activity into the future.  Plaintiff alleges that if Defendant LPS and Doe Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to refuse payment of earned wages and continue their unlawful payroll practices.

67.     Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendant from continuing the illegal practices described hereinabove.

## PRAYER

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as to all causes of action as follows:

1.     For general and special damages according to proof at trial, including prejudgment interest thereon;

2.     For exemplary and punitive damages in an amount according to proof at trial;

3.     For compensatory damages;

-12-

4.    For a waiting time penalty in an amount equal to thirty days' of Plaintiff's regular rate of pay, as provided in Section 203 of the California Labor Code;

5.    For all statutory penalties including those pursuant to Labor Code §§ 512, 558, 226.3, 226.7, and 1174.5;

6.    For restitution of all monies due to Plaintiff for the unlawful business acts and practices of defendant;

7.    For injunctive relief;

8.    For prejudgment and post judgment interest;

9.    For Plaintiff's attorneys' fees and costs of suit incurred herein to the extent provided by contract, statute, or other law, including California Labor Code §§ 218.5, 1194, 2699; California Government Code Section 12965(b); and Code of Civil Procedure § 1021.5;

10.    For such other further relief as the court may deem necessary, just, or proper.

DATED: October 16, 2013          KINAGA LAW FIRM

By _____
Andrew L. Alexis
Attorney for Plaintiff
ROBERT OTTEN

-13-
COMPLAINT FOR DAMAGES

1

## JURY DEMAND

2      Plaintiff hereby demands a jury trial on all causes of action.

3

4   DATED:  October 16, 2013                    KINAGA LAW FIRM

5

6                                              By _____

7                                                 Andrew L. Alexis
                                                  Attorney for Plaintiff
8                                                 ROBERT OTTEN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "B"

11/13   2:55 PM

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Lender Processing Services, Inc. a Delaware corporation;
and Does 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Robert Otten, an individual California resident

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**ORIGINAL FILED**

OCT 17 2013

**LOS ANGELES**
**SUPERIOR COURT**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:) Stanley Mosk Courthouse | **CASE NUMBER:**<br>**(Número del Caso):** BC 524845 |

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Drew Alexis, Kinaga Law Firm, 617 S. Olive St. Ste 1210, Los Angeles, CA 90014; (213) 623-8588

**BY FAX**

| DATE: 10/16/13  OCT 17 2013 | **John A. Clarke** | Clerk, by _J. Vargas_ | , Deputy |
|---|---|---|---|
| (Fecha) | | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

OCT 17 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Lender Processing Services, Inc., a Delaware Corporation

under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

KINAGA LAW FIRM
ANDREW L. ALEXIS (SBN 177692)
617 South Olive Street, Suite 1210
Los Angeles, CA 90014
TELEPHONE NO: (213) 623-8588      FAX NO: (213) 623-8788
ATTORNEY FOR *(Name):* Plaintiff Robert Otten

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central - Stanley Mosk Courthouse

**ORIGINAL FILED**

OCT 1 7 2013

**LOS ANGELES
SUPERIOR COURT**

CASE NAME:
Robert Otten v. Lender Processing Services, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | | **BC524845** |
| | | | JUDGE: | |
| | | | DEPT: | BY FAX |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** *(Cal. Rules of Court, rules 3.400–3.403)* |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve        e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 15, 2013

Andrew L. Alexis
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Robert Otten v. Lender Processing Services, Inc., et al. | CASE NUMBER BC524845 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

*BY FAX*

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: Robert Otten v. Lender Processing Services, Inc., et al. | CASE NUMBER | |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (08) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 6. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 6. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Robert Otten v. Lender Processing Services, Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 6. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Robert Otten v. Lender Processing Services, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>3100 New York Drive |
|---|---|

| CITY:<br>Pasadena | STATE:<br>CA | ZIP CODE:<br>91107 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___October 15, 2013___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit "C"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT **B C 5 2 4 8 4 5**

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Terry A. Green | 14 | 300 | | Hon Rolf M. Treu | 58 | 516 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | ✓ |
| Hon. Rita Miller | 16 | 306 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | | | |
| Hon. Barbara Scheper | 30 | 400 | | | | | |
| Hon. Mary H. Strobel | 32 | 406 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michael P. Linfield | 34 | 408 | | **Hon. Elihu M. Berle*** | **323** | **CCW** | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | OTHER | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | | |
| Hon. John L. Segal | 50 | 508 | | | | | |
| Hon. Abraham Khan | 51 | 511 | | | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |

***Complex**
All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on OCT 1 7 2013    SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev09/13)       **NOTICE OF CASE ASSIGNMENT –**       Page 1 of 2
LASC Approved 05-06
For Optional Use                    **UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved  05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOTICE SENT TO:

Kinaga Law Firm
617 South Olive Street, Suite 1210n
Los Angeles        CA   90014

FILE STAMP

**OCT 17 2013**

Sherri R. Carter, Executive Officer/Clerk

By T. Barkley, Deputy

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| ROBERT OTTEN           Plaintiff(s), <br><br> VS. <br><br> LENDER PROCESSING SERVICES INC          Defendant(s). | BC524845 <br><br> **NOTICE OF CASE MANAGEMENT CONFERENCE** |

---

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>January 14, 2014</u> at <u>8:30 am</u> in <u>Dept. 62</u> at 111 North Hill Street, Los Angeles, California  90012.

NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>October 17, 2013</u>

MICHAEL L. STERN

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ X ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date: <u>October 17, 2013</u>

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

TRACY BARKLEY

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | | |
| E-MAIL ADDRESS (Optional): FAX NO. (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____           ▶  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____           ▶  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____           ▶  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____           ▶  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____              _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____           ▶  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____           ▶  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      I. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      II. Include a brief summary of the dispute and specify the relief requested; and

      III. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      I. Also be filed on the approved form (copy attached);

      II. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court..

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ►          _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR PLAINTIFF)

Date:

_____          ►          _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ►          _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ►          _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ►          _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____ )

Date:

_____          ►          _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____ )

Date:

_____          ►          _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:  _____          _____
                                                                          JUDICIAL OFFICER

Exhibit "D"

00/00/2013   12:19:27 FAX 2132499990        NATIONWIDE LEGAL



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 11 2013

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

1 | MONICA M. QUINN, Bar No. 198332
   | mquinn@littler.com
2 | JENNIFER TSAO, Bar No. 259985
   | jtsao@littler.com
3 | LITTLER MENDELSON, P.C.
   | 633 West Fifth Street, 63rd Floor
4 | Los Angeles, California 90071
   | Telephone:    (213) 443-4300
5 | Fax No.:       (213) 443-4299

6 | Attorneys for Defendant
7 | LENDER PROCESSING SERVICES, INC.

8 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |              COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10 | ROBERT OTTEN, an individual California        CASE NO. BC524845
    | resident,
11 |                                              *[ASSIGNED FOR ALL PURPOSES TO HON.
    |             Plaintiff,                       MICHAEL L. STERN, DEPT. 62]*
12 |
    |        v.                                    DEFENDANT LENDER PROCESSING
13 |                                              SERVICES, INC.'S ANSWER TO
    | LENDER PROCESSING SERVICES,                 COMPLAINT OF PLAINTIFF ROBERT
14 | INC., a Delaware corporation; and DOES 1     OTTEN
    | through 50, inclusive,
15 |
16 |             Defendant(s).
    |
17 |                                              Complaint filed: October 17, 2013
18 |
19 |                                              LASC – FILINGS
    |                                              111 N. HILL STREET
20 |                                              LOS ANGELES CA 90012
21 |                                              DATE PAID: 12/11/13  02:38 PM
22 |                                              RECEIPT #: CCH195707066
23 |                                              CIT/CASE: BC524845
    |                                              LEA/DEF#:
24 |
25 |                                              PAYMENT:  $435.00         310
    |                                              RECEIVED:
26 |                                                CHECK:            $435.00
    |                                                CASH:              $0.00
27 |                                                CHANGE:            $0.00
    |                                                CARD:              $0.00
28 |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:124418901.5 074399.1011                    1.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant LENDER PROCESSING SERVICES, INC. ("Defendant") hereby answers the unverified Complaint of Plaintiff ROBERT OTTEN ("Plaintiff"), by admitting, denying and alleging as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant generally denies each and every allegation contained in Plaintiff's unverified Complaint, and further denies that Plaintiff is entitled to general damages, past and future lost income and benefits, punitive damages, costs of suit, attorneys' fees, prejudgment or post-judgment interest, or any other relief of any kind whatsoever.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting these defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defenses asserted below. Moreover, Defendant does not presently know all the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Accordingly, Defendant will seek leave of this Court to amend this answer should it later discover facts demonstrating the existence of additional affirmative defenses. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     As a separate and distinct affirmative defense, Defendant asserts that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.     As a separate and distinct affirmative defense, Defendant asserts that the Complaint and each cause of action set forth therein are barred, in whole or in part, by the equitable doctrine of waiver.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:124418901.5 074399.1011

1.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### THIRD AFFIRMATIVE DEFENSE

#### (Estoppel)

3.      As a separate and distinct affirmative defense, Defendant asserts that the Complaint and each cause of action set forth therein are barred, in whole or in part, by the equitable doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches)

4.      As a separate and distinct affirmative defense, Defendant asserts that the Complaint and each cause of action set forth therein are barred, in whole or in part, by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

#### (Consent)

5.      As a separate and distinct affirmative defense, Defendant asserts that the Complaint and each cause of action set forth therein are barred, in whole or in part, by the equitable doctrine of consent.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

6.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, by the applicable statutes of limitation including, without limitation, those set forth in California Government Code sections 12960 et seq. (one year), California Code of Civil Procedure sections 335.1 (two years), 338 (three years), and 343 (four years), and California Business and Professions Code Section 17208 (four years).

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

7.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies with the California Department of Fair Employment and/or

2.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:124418901.5 074399.1011

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Housing and the Equal Employment Opportunity Commission.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to File Reasonably Related Complaint)

8.      As a separate and distinct affirmative defense, Defendant alleges that the allegations contained therein are not reasonably related to the claims in any Complaint Plaintiff filed with the Department of Fair Employment and Housing or Equal Employment Opportunity Commission.

## NINTH AFFIRMATIVE DEFENSE

### (Business Necessity)

9.      As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were undertaken for business necessity and/or for lawful business reasons.

## TENTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

10.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim for penalties under the California Labor Code in that (1) there was a *bona fide*, good faith dispute as to Defendant's obligations under any applicable Labor Code provisions, including, without limitation, Labor Code section 203, and (2) Defendants did not willfully violate Labor Code section 203.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Defendant Acted in Good Faith and with Good Cause)

11.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendant with respect to Plaintiff's employment and Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.  Defendant further alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:124418901.5 074399.1011

3.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   Industrial Welfare Commission.

2   ### TWELFTH AFFIRMATIVE DEFENSE

3   ### (Exempt Status)

4   12.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff was an

5   exempt employee pursuant to the California Labor Code and the implementing rules and regulations

6   of the California Industrial Welfare Commission Occupational Wage Orders and thus, was exempt

7   from the overtime and meal and rest period provisions of California law.

8   ### THIRTEENTH AFFIRMATIVE DEFENSE

9   ### (Failure to Meet Reasonable Expectations)

10   13.    As a separate and distinct affirmative defense, Defendant is informed and believes

11   that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

12   that any failure on the part of Plaintiff to meet the criteria of exempt status, particularly the

13   requirement that such person spend 50 percent or more of his time performing exempt duties during

14   any period, was the result of Plaintiff's failure to meet Defendant's reasonable expectations

15   concerning the discharge of his duties and/or to follow Defendant's reasonable instructions (Labor

16   Code section 2856), and therefore does not render him non-exempt.

17   ### FOURTEENTH AFFIRMATIVE DEFENSE

18   ### (No Knowledge of Work)

19   14.    As a separate and distinct affirmative defense, Defendant alleged that if Plaintiff

20   "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to

21   know, of such "work" and such "work" was undertaken without the consent or permission of

22   Defendant.

23   ### FIFTEENTH AFFIRMATIVE DEFENSE

24   ### (Plaintiff's Intentional Deception)

25   15.    As a separate and distinct affirmative defense, Defendant is informed and believes

26   that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

27   that the Complaint and the applicable Cause(s) of Action set forth therein cannot be maintained

28   against Defendant to the extent that Plaintiff failed to receive all wages due because Plaintiff

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:124418901.5 074399.1011

4.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1 intentionally deceived Defendant regarding the hours worked during the course of his employment,
2 thereby relieving Defendant of liability for penalties.

3 ### SIXTEENTH AFFIRMATIVE DEFENSE

4 #### (Same Decision(s))

5 16.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's
6 Complaint and each purported cause of action therein, or some of them, are barred because although
7 Defendant denies having discriminatory animus towards Plaintiff, to the extent that Plaintiff suffered
8 an adverse employment action motivated in part by discrimination, all acts or omissions allegedly
9 attributed to Defendant also were motivated by nondiscriminatory reasons and such
10 nondiscriminatory reasons alone would have induced Defendant to make the same adverse
11 employment decision(s).

12 ### SEVENTEENTH AFFIRMATIVE DEFENSE

13 #### (After-Acquired Evidence)

14 17.   As a separate and distinct affirmative defense, Defendant alleges that, to the extent
15 Defendant acquires any evidence of wrongdoing by Plaintiff during the course of this litigation that
16 would have materially affected the terms and conditions of Plaintiff's employment or would have
17 resulted in Plaintiff being demoted, disciplined, and/or terminated, such after-acquired evidence shall
18 bar Plaintiff's claims on liability or damages and shall reduce such claims as provided by law.

19 ### EIGHTEENTH AFFIRMATIVE DEFENSE

20 #### (Workers' Compensation Exclusivity and Preemption)

21 18.   As a separate and distinct affirmative defense, Defendant alleges that the Complaint
22 and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the
23 exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code
24 sections 3200, *et seq.* inasmuch as they involve an employee/employer relationship subject to
25 workers' compensation coverage, conduct of Plaintiff in the course and scope of his employment,
26 and an injury alleged by Plaintiff to have been proximately caused by his employment and,
27 therefore, the Court lacks subject matter jurisdiction over such claims.

28 ///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:124418901.5 074399.1011

5.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Offset)

19.     As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise be entitled must be offset by any unemployment benefits and/or other monies and/or benefits Plaintiff has received or will receive, including, but not limited to, any overpayments made to Plaintiff and any contractual damages and/or indemnity owed by Plaintiff as the result of his failure to perform his contractual obligations or overpayment for hours worked.

## TWENTIETH AFFIRMATIVE DEFENSE

### (De Minimis)

20.     As a separate and distinct affirmative defense, Defendant alleges that any amount of uncompensated time worked by Plaintiff, if any, was *de minimis* under California law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

21.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from obtaining any recovery against Defendant by reason of his failure to mitigate his alleged damages, if any, or, alternatively, any damages or other relief awarded to Plaintiff must be reduced or limited to the extent of such failure to mitigate.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Misconduct of Other Parties)

22.     As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered any damages as alleged in his Complaint, such damages were proximately or legally caused by the breach of duties and/or misconduct of Plaintiff and/or parties other than Defendant and, accordingly, any award of damages is several and must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Alleged Emotional Distress Caused by Outside Factors)

23.     As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:124418901.5 074399.1011

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   suffered any emotional distress as alleged in his Complaint, such emotional distress was proximately

2   caused by factors other than Plaintiff's employment, the actions of Defendant and/or anyone acting

3   on Defendant's behalf.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Emotional Distress Damages Unconstitutional)

6       24.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not

7   entitled to recover emotional distress damages because California's system of emotional distress

8   damages is unconstitutional under *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538

9   U.S. 408 (2003), as well as the United States and California Constitutions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (No Employment Relationship)

12       25.    As a separate and distinct affirmative defense, Defendant alleges that there was no

13   employment relationship between it and Plaintiff; therefore, the Complaint, and each of its purported

14   claims, fails to state a claim upon which relief can be granted as to Defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

17       26.    As a separate and distinct affirmative defense, Defendant alleges that pursuant to

18   California Business and Professions Code Section 17200, et seq., Plaintiff's claims for restitution are

19   barred to the extent that these claims constitute damages and/or Plaintiff has an adequate remedy at

20   law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Improper Civil Penalties)

23       27.    As a separate and distinct affirmative defense, Defendant alleges that pursuant to

24   California Business and Professions Code Section 17200, et seq., any claim for civil penalties is

25   barred.

26   ///

27   ///

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:124418901.5 074399.1011

7.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Conduct Not Unfair and/or Unlawful)

28.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim under California Business and Professions Code Section 17200, et seq., is barred because Defendant's conduct and business practices are not "unfair" and/or "unflawful."

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Articulated Public Policy)

29.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for wrongful termination in violation of public policy is barred to the extent it is based on statutes, regulations, or other laws which fail to supply the requisite substantial, fundamental, and articulated public policy on which such claims must be predicated.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Authorization)

30.   As a separate and distinct affirmative defense, Defendant alleges it is not liable for punitive damages because Defendant did not (a) have advance knowledge of the unfitness of any employee and employee that employee with a conscious disregard of the rights and safety of others; or (b) engage in, authorize or ratify any wrongful conduct.  California Civil Code section 3294(b).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Malice, Oppression or Fraud)

31.   As a separate and distinct affirmative defense, Defendant alleges Plaintiff is not entitled to recover punitive or exemplary damages herein, and any allegation with respect thereto should be stricken, because Plaintiff cannot establish facts by clear and convincing evidence sufficient to support allegations of malice, oppression or fraud.  California Civil Code section 3294(a).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

32.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:124418901.5 074399.1011

8.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Bad Faith and/or Frivolous Claims)

33.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or his attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section 128.5 and/or Government Code section 12965(b).

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant does not presently know all of the facts respecting the conduct of Plaintiff sufficient to allow them to state all affirmative defenses at this time.  Defendant is informed and believes, however, that further investigation and discovery will reveal that it may have additional affirmative defenses available of which it is not fully aware at the present time.  Defendant reserves the right to amend this Answer to assert said additional affirmative defenses should it later discover facts demonstrating the existence and applicability of same.

## PRAYER

WHEREFORE, Defendant prays:

1.     That Plaintiff takes nothing by his action against Defendant and that Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.     That Judgment be entered in Defendant's favor;

3.     That Defendant be awarded its attorneys' and expert fees and costs of suit herein (to

9.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:124418901.5 074399.1011

1  the extent permitted by applicable law, including, but not limited to, California Government Code §

2  12965(b)) and California Labor Code §§ 218.5, 1194, 2699; and

3      4.    Such other and further relief as the Court deems just and proper.

4  DATED: December 11 , 2013           LITTLER MENDELSON, P.C.

5

6

7                                MONICA M. QUINN

8                                JENNIFER TSAO
                              Attorneys for Defendant

9                                LENDER PROCESSING SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:124418901.5 074399.1011

10.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                            )  ss.
COUNTY OF LOS ANGELES       )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, 5th Floor, Los Angeles, California  90067.

On December 11, 2013, I served the foregoing document(s) described as

**DEFENDANT   LENDER   PROCESSING   SERVICES,   INC.'S   ANSWER   TO COMPLAINT OF PLAINTIFF ROBERT OTTEN**

on the interested parties in this action addressed as follows:

Andrew L. Alexis, Esq.
William O. Kampf, Esq.
Kinaga Law Firm
617 South Olive Street, Suite 1210
Los Angeles, California  90014
Tel.: (213) 623-8588
Fax: (213) 623-8788

☒     By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☒     **BY MAIL (CCP § 1013(a)&(b)):** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing the affidavit.

☐     **BY OVERNIGHT COURIER (CCP § 1013(c)&(d)):** I caused such envelope(s) to be delivered by overnight courier to the offices of the addressee(s) noted above.

☐     **BY PERSONAL SERVICE (CCP § 1011):** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s) noted above.

☐     **BY MESSENGER SERVICE:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a **NATIONWIDE LEGAL LLC**, a professional messenger service for service.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:124545886.1 074399.1011                    1.

PROOF OF SERVICE

☐ **BY FACSIMILE (CCP § 1013(e) and (f) and CRC Rule 2.306(h)):**   on _____, I caused the above stated document by facsimile from the facsimile machine of Littler Mendelson whose facsimile number is (213) 443-4299 to the addressee(s) at the facsimile number(s) as stated above.   The facsimile machine used complies with CRC Rule 2003(3).   Pursuant to CRC Rule 2008(e) the transmission be facsimile was reported as complete and without error.

☐ **BY EMAIL (CCP § 1010.6; CRC Rule 2.251(g)):**   I transmitted the above-stated document(s) and an unsigned copy of this declaration from my computer (electronic notification address _____@littler.com located at Littler Mendelson, 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107 to the interested parties in this action whose names and e-mail addresses are listed above.   I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.   Service by e-mail or electronic transmission was agreed upon based on a court order or an agreement of the parties to accept service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.   Executed on December 11, 2013, at Los Angeles, California.

_Rita Ann Jones_
_____
Rita Ann Jones

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:124545886.1 074399.1011

2.

PROOF OF SERVICE

Exhibit "E"

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
**Drew Alexis**
**KINAGA LAW FIRM**
**617 SOUTH OLIVE STREET SUITE#1210   LOS ANGELES, CA 90014**
SBN - 177692

TELEPHONE NO.: **(213) 623-8588**          FAX NO. *(Optional)*:   **(213) 623-8788**
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:  :

**Los Angeles County Superior Court - Stanley Mosk**
STREET ADDRESS: **111 N. Hill St.**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles, CA 90012**
BRANCH NAME: **Central**

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

NOV 18 2013

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Raul Sanchez

PLAINTIFF/PETITIONER:  **ROBERT OTTEN**

DEFENDANT/RESPONDENT:  **LENDER PROCESSING SERVICES, INC.**

CASE NUMBER:
**BC524845**

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
**759**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*:
      Civil Case Cover Sheet; Civil Case Cover Sheet Addendum & Statement of Location; Demand for Jury Trial; Notice of Case Assignment - Unlimited Civil Case; Voluntary Efficient Litigation Stipulations Packet; Notice of Case Management Conference; POS of Summons
3. a. Party served *(specify name of party as shown on documents served)*:
   **LENDER PROCESSING SERVICES, INC., A DELAWARE CORPORATION**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      **CT CORPORATION - REGISTERED AGENT BY LEAVING WITH JAN LAPINID, PERSON AUTHORIZED TO ACCEPT**

4. Address where the party was served:  **CT CORPORATION SYSTEM**
   **818 WEST 7TH STREET**
   **LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **11/13/2013**   (2) at *(time)*: **2:55 PM**

   b. ☐ by substituted service. On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/LA311121153

| PETITIONER: ROBERT OTTEN | CASE NUMBER: |
|---|---|
| RESPONDENT: LENDER PROCESSING SERVICES, INC. | BC524845 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                          (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)*: **LENDER PROCESSING SERVICES, INC., A DELAWARE CORPORATION**
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)                 ☐ 415.46 (occupant)
                                  ☐ other:

7. Person who served papers
  a. Name: **De'Andre Johnson - Janney & Janney Attorney Service, Inc.**
  b. Address: **1545 Wilshire Blvd., Suite 311  Los Angeles, CA 90017**
  c. Telephone number: **(213) 628-6338**
  d. The fee for service was: **$ 68.00**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ owner     ☒ employee     ☐ independent contractor.
      (ii) Registration No.: **140/6700**
      (iii) County: **Los Angeles**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **November 15, 2013**

**Janney & Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., Suite 311**
**Los Angeles, CA 90017**
**(213) 628-6338**

    **De'Andre Johnson**                *(SIGNATURE)*
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ John F. Walter _____ and the assigned Magistrate Judge is _____ Victor B. Kenton _____ .

The case number on all documents filed with the Court should read as follows:

### 2:13CV9172 JFW VBKx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 12, 2013
_____
Date

By  J.Prado
_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| ROBERT OTTEN | LENDER PROCESSING SERVICES, INC. |

| **(b) County of Residence of First Listed Plaintiff**  Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | **County of Residence of First Listed Defendant**  Delaware/Florida<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Andrew L. Alexis<br>William O. Kampf<br>KINAGA LAW FIRM<br>617 South Olive Street, Suite 1210, Los Angeles, CA 90014 (213) 623-8588 | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same Information.<br>Monica M. Quinn<br>Jennifer Tsao<br>LITTLER MENDELSON, APC, 2049 Century Park East, 5th Floor, Los Angeles, CA 90067 (310) 553-0308 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding  ☒ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity jurisdiction: 28 U.S.C. section 1332(a)(1), 1441 and 1446.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| **FOR OFFICE USE ONLY:** | Case Number: | CV13-9172 |
|---|---|---|

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [X] Los Angeles | Western |
| If "no, " go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes  [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no, " go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |
| Indicate the location in which a majority of claims arose: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true?  If so, check the one that applies: | C.2. Is either of the following true?  If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D,  below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D,  below. |
| If none applies, answer question C2 to the right. ➡ | If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

if yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

if yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _____   DATE:   December 12, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |